## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

YOUNG'S INCORPORATED, a Michigan
corporation,

               Plaintiff,

v

PROVIDE CREATIONS, INC., a Delaware
corporation, d/b/a PERSONAL CREATIONS,

               Defendant.
_____/

Case No.

Hon.

TISHKOFF & ASSOCIATES PLLC
By:  William G. Tishkoff (P45165)
And:  Sarah L. Wixson (P76496)
And:  Michael R. Wolin (P77038)
And:  Christopher M. Vukelich (P76420)
Attorneys for Plaintiff
407 North Main Street
Ann Arbor, MI 48104
(734) 663-4077
_____/

## VERIFIED COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Young's Incorporated, by its attorneys, Tishkoff & Associates

PLLC, and states for its verified complaint against Defendant, Provide Creations, Inc., d/b/a

Personal Creations:

## PARTIES

1.     Plaintiff, Young's Incorporated ("Young's"), is a Michigan corporation, with its

principal offices located in the County of Monroe, State of Michigan, and is a citizen of the State

of Michigan.

2.     Defendant, Provide Creations, Inc., d/b/a Personal Creations ("Personal

Creations"), is a Delaware corporation.

3.      Personal Creations has its principal offices in California and is a citizen of Delaware and California.

## JURISDICTION AND VENUE

4.      The instant action seeks a judgment and injunction against Personal Creations for violations of the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act") and Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act"), unfair competition, trademark infringement, breach of contract, unjust enrichment, and account stated.

5.      The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.

6.      Complete diversity exists between the parties, and this Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

7.      This Court also has original federal question jurisdiction over Young's Copyright Act and Lanham Act claims, pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Young's remaining claims, as these claims are so related to the Copyright Act and Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

8.      This Court has personal jurisdiction over Personal Creations where Personal Creations purposefully availed itself of the benefits and protections of the judicial district of this Court; systematically and continuously conducts business in Michigan; and the initiation and performance of the subject contract arose in the judicial district of this Court.

9.      Pursuant to 28 U.S.C. § 1391(b)(2) and (3), venue in this Court is proper where a substantial part of the events or omissions giving rise to the above claims occurred in the judicial

2

district of this Court and Personal Creations is subject to this Court's personal jurisdiction.

## GENERAL ALLEGATIONS

10.     Young's has operated its business since 1988, designing, developing and manufacturing giftware, home décor, fashion accessories and other products for its customers, including home décor retailers, corporate buyers and boutique shops.

11.     Young's invested substantial resources, including significant time and money, creating, developing, manufacturing, marketing and protecting its intellectual property rights in its unique and distinct indoor snowball fight kit ("Snowball Fight Kit"), a consumer retail product.

12.     Young's Snowball Fight Kit has a readily identifiable expression and appearance, with a metal bucket and plush, embroidered snowballs, and distinct text, color, size and shape.

13.     Young's Snowball Fight Kit's distinct and unique design includes a look and feel that is readily identifiable as being Young's Snowball Fight Kit product, including its plush, embroidered white snowballs with black eyes, a carrot nose and smiling face with pink cheeks, its distinctive bucket coloring and bucket shape with metal handle, its snowball and snowflake design, and its compact size ("Snowball Fight Kit Trade Dress").  A copy of images of the Snowball Fight Kit are attached as Exhibit A.

14.     Young's also owns the copyright in the 2-D artwork and sculptural authorship for the Snowball Fight Kit, registered with the United States Copyright Office on January 27, 2012 ("Snowball Fight Kit Copyright").  A copy of the Copyright Registration No. VA0001803282 is attached as Exhibit B.

15.     Young's named, marketed and sold the Snowball Fight Kit nationwide on its website, in showrooms and in its catalogue, in connection with Young's logo, and using the trademarks "Snowball Fight Kit" and "Snowball Fight" (collectively, Young's "Snowball Fight

Marks"), indicating and establishing: Young's brand name for the Snowball Fight Kit; its creation, design and manufacturing of the Snowball Fight Kit; and to promote the Snowball Fight Kit as Young's product.

16.     Young's invested substantial effort over a long period of time, including the expenditure of substantial sums of time and money, to establish goodwill in its above Snowball Fight Kit Copyright and Snowball Fight Marks, to cause consumers throughout the United States to recognize and distinguish Young's Snowball Fight Kit as originating from Young's.

17.     The value of the goodwill developed in Young's Snowball Fight Kit Copyright and Snowball Fight Marks does not provide a precise monetary calculation; however, Young's is a unique provider of indoor snowball fight kits within the United States and is widely known as the provider of Young's Snowball Fight Kit, and the value of Young's goodwill is substantial.

18.     Young's advertises its Snowball Fight Kit on its website, in showrooms and in its catalogue, with significant sales generated from these sources.

19.     Young's has expended substantial sums of time, money, effort and resources to protect Young's intellectual property rights in its Snowball Fight Kit, including providing infringement notices and incurring legal costs for related enforcement.

20.     Personal Creations is an e-commerce retailer that designs, develops and delivers flowers, giftware and personalized gifts.

21.     Between 2011 and 2013, Personal Creations purchased certain units of Snowball Fight Kits from Young's.

22.     The above transactions included 5,008 Snowball Fight Kits that Personal Creations purchased from Young's in 2013 for $20,132.16, with Young's timely invoicing Personal Creations for this purchase on October 2, 2013 (the "October 2, 2013 Invoice").  A copy of the

October 2, 2013 Invoice is attached as Exhibit C.

23.    Personal Creations paid $5,089.65 of the October 2, 2013 Invoice but failed to pay, and remains delinquent for, the $15,042.51 balance.  *See* Affidavit of Matt Darr, dated December 27, 2014 ("Darr Affidavit," copy attached as Exhibit D).

24.    Upon information and belief, in 2014, Personal Creations began manufacturing a "knockoff" of Young's Snowball Fight Kit (the "PC Knockoff").  Attached as Exhibit E is a copy of the web page from Personal Creations web site featuring the PC Knockoff; attached as Exhibit F is a photograph of a PC Knockoff which Personal Creations sold to a third-party retailer.

25.    The composition and appearance of the PC Knockoff is substantially and confusingly similar to Young's Snowball Fight Kit.  *Id*.

26.    Upon information and belief, in 2014, Personal Creations, without authorization from Young's, began marketing, prominently advertising and selling its PC Knockoff on its website (www.PersonalCreations.com) and catalogue, and through the Walmart.com website, using the names "Snowball Fight In A Bucket" and "Personalized Snowball Fight In A Bucket."

27.    Personal Creations use of the composition and appearance of Young's Snowball Fight Kit, and use of marks that copy or are colorable imitations of Young's Snowball Fight Marks, are likely to cause confusion, mistake, and deceive purchasers and potential purchasers in the marketplace, inducing purchases of PC Knockoffs based on mistaken identity and the good will of Young's Snowball Fight Kit.

28.    Personal Creations above conduct caused Young's substantial damages, including, without limitation: lost revenues and profits; lost customers and market share; harm to reputation; loss of goodwill and standing in the community; damage to business reputation; loss of business opportunities and earning potential; devaluation of Young's brand and Snowball Fight Marks; and

attorney fees and expenses.

**COUNT I**

**VIOLATION OF THE FEDERAL COPYRIGHT ACT OF 1976.  17 U.S.C. §§ 101 *et seq*.**

29.    Young's incorporates its above allegations as if fully stated herein.

30.    Young's is the sole owner of its valid Snowball Fight Kit Copyright in the 2-D artwork and sculptural authorship claimed in Young's Snowball Fight Kit, which was created in 2010 and registered with the United States Copyright Office on January 27, 2012.  *See* Exhibit B.

31.    Young's complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and secured exclusive rights and privileges in and to its Snowball Fight Kit Copyright of the 2-D artwork and sculptural authorship claimed in the Young's Snowball Fight Kit.

32.    The 2-D artwork and sculptural authorship claimed in Young's Snowball Fight Kit as a whole does not affect the cost or quality of Young's Snowball Fight Kit or serve any functional purpose, and is not the only option for the design of an indoor snowball fight kit.

33.    As alleged, *supra,* Personal Creations clearly had access to the Young's Snowball Fight Kit.

34.    Young's did not authorize Personal Creations' copying of constituent elements that are original to Young's Snowball Fight Kit and containing Young's distinctive copyrighted 2-D architectural artwork and sculptural authorship, including its plush, embroidered white snowballs with black eyes, a carrot nose and smiling face with pink cheeks, its distinctive bucket coloring and bucket shape with metal handle, its snowball and snowflake design, and its compact size.  *See* Exhibit A, *supra.*

35.    The PC Knockoff is clearly substantially similar to the protectable copyright elements of Young's Snowball Fight Kit.  *See* Exhibits E and F, *supra*.

6

36.     Young's did not authorize Personal Creations' marketing, manufacturing and distribution of the substantially and confusingly similar PC Knockoff to actual and potential customers and third party retailers, inducing, causing or materially contributing to the infringing conduct of purchasers of the PC Knockoff.

37.     Personal Creations' conduct of copying Young's Snowball Fight Kit, and Personal Creations' marketing, manufacturing and distributing its PC Knockoff to actual and potential customers and third party retailers, violates the exclusive rights belonging to Young's as the owner of the copyright to the 2-D artwork and sculptural authorship claimed in the Young's Snowball Fight Kit, including, without limitation, Young's rights pursuant to 17 U.S.C. § 106.

38.     As discussed *supra*, Personal Creations had actual or constructive knowledge of Young's Snowball Fight Kit Copyright since 2011 and willfully engaged in, and is willfully engaging in, infringement of Young's copyright in the 2-D artwork and sculptural authorship claimed in the Young's Snowball Fight Kit, in conscious disregard of Young's rights, particularly where Personal Creations has access to Young's Snowball Fight Kit, knew Young's Snowball Fight Kit existed, and willfully copied a substantial portion of the copyrighted product.

39.     As a direct and proximate result of Personal Creation's above willful and wrongful conduct, Personal Creations realized and continues to realize profits and other benefits rightfully belonging to Young's and Young's has sustained injuries and damages, including, *inter alia*: lost revenue and profits; loss of customers and market share; harm to reputation; loss of goodwill and standing in the community; damage to business reputation; and attorney's fees and expenses and should be awarded maximum statutory or actual damages and profits, injunctive relief, and costs of this action pursuant to 17 U.S.C. §§ 502, 504 and 505.

**COUNT II**

**FEDERAL TRADE DRESS INFRINGEMENT.  15 U.S.C. § 1125(a)**

40.     Young's incorporates its above allegations as if fully stated herein.

41.     Young's Snowball Fight Kit is a popular consumer retail product which Young's has been selling to retailers and customers since 2011, including, but not limited to, Personal Creations.

42.     Young's Snowball Fight Kit is heavily promoted and advertised nationwide at showrooms and tradeshows across the nation, on the YoungsInc.com website and in the Young's customer catalogue, and has gained increasing popularity among consumers.

43.     Since 2011, Young's sold over 250,000 Snowball Fight Kits generating revenue for Young's in excess of $1,250,000.00.

44.     Due to the popularity and high demand of Young's Snowball Fight Kit as a consumer retail product, Young's Snowball Fight Kit developed a unique and distinctive trade dress which is not functional and readily identifiable to its customers and the public, identifying Young's rather than the Young's Snowball Fight Kit, itself.

45.     Subsequent to Young's use and adoption of the Young's Snowball Fight Kit Trade Dress, Personal Creations developed, advertised and sold, and continues to sell, its PC Knockoff that uses a trade dress that is identical or confusingly similar to the Young's Snowball Fight Kit Trade Dress, incorporating the overall design of the Young's Snowball Fight Kit Trade Dress, including the distinctive 2-D and sculptural elements, *inter alia*, its plush, embroidered white snowballs with black eyes, a carrot nose and smiling face with pink cheeks, its distinctive bucket coloring and bucket shape with metal handle, its snowball and snowflake design, and its compact size.  *See* Exhibit A, E and F, *supra*.

46.     Personal Creations' use of Young's Snowball Fight Kit Trade Dress in its PC

Knockoff encompasses features which are likely to cause, and has caused, confusion and deception as to the affiliation, connection, or association of Personal Creations with Young's, and constitutes a false designation of the origin of Personal Creations' products, particularly the origin of the PC Knockoff.

47.     Personal Creations' acts of copying Young's Snowball Fight Kit Trade Dress were done knowingly and intentionally to cause confusion, mistake or deceive where Personal Creations had access to Young's Snowball Fight Kit, actual or constructive knowledge that Young's Snowball Fight Kit existed since 2011, and willfully copied a substantial portion of the Young's Snowball Fight Kit Trade Dress.

48.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who in connection with any goods or services…uses in commerce any word, term, name, symbol…or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation…or as to origin, sponsorship or approval of…goods [or] services…shall be liable in a civil action… ."

49.     Personal Creations' activities of making, advertising and selling its PC Knockoff embodying Young's Snowball Fight Kit Trade Dress, as alleged above, are prohibited by the Lanham Act, 15 U.S.C. 1125(a), and constitutes trade dress infringement.

50.     Personal Creations' conduct caused significant damage to Young's, and will irreparably damage Young's unless the continuation of this conduct is enjoined by this Court.

51.     As a direct and proximate result of Personal Creations' above willful trade dress infringement, Young's sustained, and is sustaining, significant injuries and damages, including, *inter alia*: lost revenue and profits; loss of customers and market share; damage to business

reputation; dilution of trade dress; loss of goodwill and standing in the community; and the costs of this action including attorney fees and expenses and should be awarded injunctive relief, maximum damages and profits, including treble damages, and costs of this action pursuant to 15 U.S.C. §§ 1114-1117.

52.     Young's does not have an adequate remedy at law.

53.     No previous injunctive relief has been awarded with respect to this matter in this case or in any other case.

## COUNT III

## LANHAM ACT VIOLATIONS

### [TRADEMARK INFRINGEMENT & UNFAIR COMPETITION]

54.     Young's incorporates its above allegations as if fully stated herein.

55.     Without Young's permission, Personal Creations manufactured, marketed and sold, and continues to manufacture, market and sell, its substantially and confusingly similar PC Knockoff in interstate commerce, which copy or imitate Young's distinctive and unique elements including, but not limited to, Young's Snowball Fight Kit look, feel and trade dress, and that use marks that copy or are colorable imitations of Young's Snowball Fight Marks.

56.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1), provides in pertinent part that "[a]ny person who in connection with any goods or services…uses in commerce any word, term, name, symbol…or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation…or as to origin, sponsorship or approval of…goods [or] services…shall be liable in a civil action… ."

57.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(2), provides in pertinent park

that "[a]ny person who in connection with any goods or services…uses in commerce any word, term, name, symbol…or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which…in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods or services, or commercial activities…shall be liable in a civil action… ."

58.   The above acts of Personal Creations constitutes:

a.    Use of a misleading name or symbol;

b.    A false designation of origin;

c.    A false or misleading representation of fact;

d.    A false or misleading description of fact; and

e.    Misrepresentations of the nature, characteristics and qualities of Personal Creations' commercial activities;

that causes and are likely to continue to cause: confusion or mistake as to the affiliation of Personal Creations with Young's; confusion, mistake or deception to the effect that Young's sponsors or approves of Personal Creations' PC Knockoff and use of Young's Snowball Fight Kit Trade Dress and Snowball Fight Marks; and misrepresentations as to the nature, characteristics and qualities of the PC Knockoff in violation of Section 43(a) of the Lanham Act.

59.   Personal Creations' above acts were done knowingly and intentionally to cause confusion, mistake or deceive consumers where Personal Creations had access to Young's Snowball Fight Kit, actual or constructive knowledge that Young's Snowball Fight Kit existed since 2011, and willfully used trade dress and marks that mimic Young's Snowball Fight Kit Trade Dress and Snowball Fight Marks.

60.   Personal Creations is in direct competition with Young's where they are providing

11

indoor snowball fight kits to third party retailers and customers nationwide.

61.     Personal Creations' on-going acts of infringement in violation of Section 43(a) of the Lanham Act inflicted, and continue to inflict, damages and irreparable harm to Young's.

62.     As a direct and proximate result of Personal Creations' above violations of the Lanham Act, Young's sustained, and is sustaining, significant injuries and damages, including, without limitation: severe restriction to, and loss of, business opportunities and earning potential; lost revenue and profits; loss of customers and market share; devaluation of Young's brand and Snowball Fight Marks; loss of good will and standing in the community; damage to business reputation; and attorney fees and expenses.

63.     Young's does not have an adequate remedy at law and will be further irreparably harmed if Personal Creations above conduct is not enjoined.

64.     No previous injunctive relief has been awarded with respect to this matter in this case or in any other case.

<u>**COUNT IV**</u>

**TRADEMARK INFRINGEMENT**

**[MICHIGAN COMMON LAW]**

65.     Young's incorporates its above allegations as if fully stated herein.

66.     Young's first owned and used in commerce its Snowball Fight Marks: "Snowball Fight Kit" and "Snowball Fight" in 2011.

67.     Since 2011, Young's has invested substantial resources, including time and money, in marketing and advertising its Snowball Fight Marks to cause consumers throughout the United States to recognize and distinguish Young's Snowball Fight Kit as originating from Young's.

68.     After Young's first owned and used in commerce its Snowball Fight Marks, without

Young's permission, Personal Creations used in commerce and incorporated into their commercial activities, marks that copy or are colorable imitations of Young's Snowball Fight Marks.

69.     Personal Creations' use of marks that copy or are colorable imitations of Young's Snowball Fight Marks is likely to cause confusion and mistake, and is likely to deceive actual and potential purchasers in the marketplace as to the source of the PC Knockoff.

70.     As a result of the above violations, Personal Creations has become unjustly enriched and Young's incurred extensive damages, including:  lost revenue and profits; loss of customers and market share; reduction in the value of Young's Snowball Fight Kit; severe restriction to, and loss of, business opportunities and earning potential; devaluation of Young's brand and Snowball Fight Marks; loss of good will and standing in the community; damage to business reputation; and attorney fees and expenses.

71.     As a result of the above violations, Young's suffered irreparable harm and will continue to suffer irreparable harm, unless Personal Creations is enjoined.

## COUNT V

## UNFAIR COMPETITION

### [MICHIGAN COMMON LAW]

72.     Young's incorporates its above allegations as if fully stated herein.

73.     Without Young's permission, Personal Creations manufactured, marketed and sold, and continues to manufacture, market and sell, its substantially and confusingly similar PC Knockoff, which copies or imitates Young's distinctive and unique elements including, but not limited to, Young's Snowball Fight Kit look, feel and trade dress, and uses marks that copy or are colorable imitations of Young's Snowball Fight Marks.

74.     The above acts of Personal Creations constitutes:

13

      a.      Use of a misleading name or symbol;

      b.      A false designation of origin;

      c.      A false or misleading representation of fact; and

      d.      A false or misleading description of fact;

that causes and are likely to continue to cause confusion or mistake as to the affiliation of Personal Creations with Young's, and to cause confusion, mistake or deception as to Young's sponsorship or approval of Personal Creations' PC Knockoff and use of Young's Snowball Fight Kit Trade Dress and Snowball Fight Marks in violation of Michigan common law unfair competition.

75.    Personal Creations' above acts were done knowingly and intentionally to cause confusion, mistake or deceive consumers where Personal Creations had access to Young's Snowball Fight Kit, actual or constructive knowledge that Young's Snowball Fight Kit existed since 2011 and willfully used trade dress and marks that mimic Young's Snowball Fight Kit Trade Dress and Snowball Fight Marks.

76.    Personal Creations is in direct competition with Young's both through product competition and geographic competition, as they are also marketing and manufacturing indoor snowball fight kits for sale to third party retailers and customers nationwide.

77.    As a direct and proximate result of Personal Creations' above violations, Young's sustained, and is sustaining, significant injuries, damages and irreparable harm, including, without limitation: severe restriction to, and loss of, business opportunities and earning potential; lost revenue and profits; loss of customers and market share; devaluation of Young's brand and Snowball Fight Marks; loss of good will and standing in the community; damage to business reputation; and attorney fees and expenses.

78.    Young's has no adequate remedy at law and will incur further irreparable harm if

Personal Creations is not enjoined.

79.     No previous injunctive relief has been awarded with respect to this matter in this case or in any other case.

## COUNT VI

## BREACH OF CONTRACT

80.     Young's incorporates its above allegations as if fully stated herein.

81.     Personal Creations contracted with Young's for the purchase of 5,008 Snowball Fight Kits from Young's in 2013 for $20,132.16.  *See* October 2, 2013 Invoice, Exhibit C, *supra*.

82.     Young's timely delivered the subject Snowball Fight Kits but Personal Creations breached its obligations pursuant to the above contract by, *inter alia*, failure to pay Young's the full amount due.

83.     As a direct and proximate result of Personal Creations' above breach of its above contractual obligations to Young's, Young's sustained, and is sustaining, significant damages, including loss of the balance due of $15,042.51 under the October 2, 2013 Invoice, interest, attorney fees and costs.

## COUNT VII

## UNJUST ENRICHMENT

84.     Young's incorporates its above allegations as if fully stated herein.

85.     Personal Creations has been enriched, and will be further enriched, by its wrongful appropriation and retention of Young's Snowball Fight Kits and related intellectual property rights without compensation to Young's.

86.     It is unjust and inequitable for Personal Creations to retain the above benefits without properly compensating Young's for the above Snowball Fight Kits and related intellectual

property rights, and Young's is entitled to be compensated for the value Personal Creations' above unjust enrichment and retention of benefits.

## COUNT VIII

## ACCOUNT STATED.  MCL 600.2145.

87.     Young's incorporates the above allegations as if fully stated herein.

88.     At Personal Creations' request, Young's sold and delivered to Personal Creations 5,008 units of Young's Snowball Fight Kits for the purchase price of $20,132.16.

89.     On October 2, 2013, Young's timely invoiced Personal Creations for the above Young's Snowball Fight Kits, which statement of account Personal Creations partially paid without a timely objection.  *See,* October 2, 2013 Invoice, Exhibit C, *supra*; and Darr Affidavit, Exhibit D, *supra.*

90.     Personal Creations did not pay the balance owing on the above account, despite Young's demands for payment.

91.     Personal Creations is indebted to Young's for the balance of the above account in the amount of  $15,042.51, together with interest, as evidenced by the attached Darr Affidavit and accompanying October 2, 2013 Invoice, Exhibit D, *supra*.

## COUNT IX

## INJUNCTION

92.     Young's incorporates the above allegations as if fully stated herein.

93.     As alleged above, since 2014, Personal Creations willfully infringed and violated, and continues to willfully infringe and violate, Young's copyright, trade dress, trademark, and unfair competition rights in Young's Snowball Fight Kit, Snowball Fight Kit Copyright and Snowball Fight Marks by manufacturing, marketing and selling the PC Knockoff.

16

94.     There is imminent likelihood of continuing irreparable harm to Young's if Personal Creations is not enjoined from continuing to manufacture, market and sell the PC Knockoff because of the actual and potential likelihood of confusion in the marketplace.

95.     There is no adequate remedy at law for Young's for Personal Creations' above willful violations, where money damages alone will not restore Young's actual and threatened loss, including, *inter alia*: loss of business opportunities and earning potential; loss of goodwill and standing in the community; loss of customers and market share; and damage to business reputation.

96.     The harm to Young's resulting from the ongoing wrongful acts of Personal Creations outweighs any possible harm to Personal Creations if the injunction is entered.

97.     Personal Creation's manufacturing and distribution of PC Knockoff damaged and will continue to damage Young's and the public at large.

98.     An injunction is in the public interest.

WHEREFORE, Plaintiff, Young's Incorporated, respectfully requests entry of a judgment against Defendant, Provide Creations, Inc., d/b/a Personal Creations, providing the following relief:

A.     Awarding Young's its actual, consequential and compensation damages;

B.     Preliminarily and permanently restraining and enjoining Personal Creations, its officers, directors, agents, servants, employees, representatives, attorneys, subsidiaries, affiliates or other related companies, successors, assigns, and all others in active concert or participation with Personal Creations, from manufacturing and distributing the PC Knockoff and using marks that mimic and resemble Young's Snowball Fight Marks, without Young's consent, or otherwise infringing on Young's intellectual property rights or any other rights in any matter;

17

C.      Ordering Personal Creations to account to Young's for all gains, profits and advantages derived by their infringement of Young's Snowball Fight Kit Copyright, Snowball Fight Kit Trade Dress, and Snowball Fight Mark and such damages are proper;

D.      Awarding Young's maximum allowable actual or statutory damages for Personal Creations' willful copyright infringement and inducement;

E.      Awarding Young's maximum allowable damages, including treble damages, for Personal Creations' willful trade dress infringement;

F.      Awarding maximum allowable damages, including treble damages, for Personal Creations' willful trademark infringement;

G.      Awarding Young's post-judgment statutory interest;

H.      Awarding Young's its costs, attorney's fees and disbursements in this action; and

I.      Awarding Young's such other relief as this Court deems just and equitable.

Respectfully submitted,

Tishkoff & Associates PLLC

/s/ William G. Tishkoff
By:  William G. Tishkoff (P45165)
And:  Sarah L. Wixson (P76496)
And:  Michael R. Wolin (P77038)
And:  Christopher M. Vukelich (P76420)
Attorneys For Plaintiff
407 North Main Street
Ann Arbor, MI 48104
December 27, 2014

18

## <u>VERIFICATION AND AFFIDAVIT</u>

I, Matt Darr, Controller of Young's Incorporated, have read the above Verified Complaint and declare that the statements are true to the best of my information, knowledge and belief, and if called as a witness, I would be competent to testify from personal knowledge regarding the facts set forth therein.

12-27-14
Date

_Matt Dan_
Matt Darr, Controller
Young's Incorporated

Subscribed and sworn before me on this 27 day of December, 2014

Sarah L. Wixson , Notary Public
Sarah L Wixson
County of Washtenaw , acting in County of Washtenaw

My commission expires: August 2020

19

## JURY TRIAL DEMAND

NOW COMES Plaintiff, Young's Incorporated, through its attorneys, Tishkoff & Associates PLLC, and hereby demands trial by jury on all issues in the above matter properly triable thereby.

Respectfully submitted,

Tishkoff & Associates PLLC

/s/ William G. Tishkoff
By:  William G. Tishkoff (P45165)
And:  Sarah L. Wixson (P76496)
And:  Michael R. Wolin (P77038)
And:  Christopher M. Vukelich (P76420)
Attorneys For Plaintiff
407 North Main Street
Ann Arbor, MI 48104
December 27, 2014